UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SERGEI KOVALEV,<br><br>                               *Plaintiff*,<br><br>v.<br><br>CITYLIFE-PA, PC a.k.a. CITYLIFE HEALTH<br>and<br>CITYLIFE HEALTH, LLC,<br>and<br>AMPERSAND HEALTH-PA, LLC,<br>and<br>TIMOTHY M. PETRIKIN a.k.a. TIM PETRIKIN,<br>and<br>MPULSE MOBILE, INC.,<br><br>                               *Defendants*. | Civil Action No. |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Ampersand Health-PA, LLC ("Ampersand") hereby removes this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this Notice, Ampersand alleges:

**Nature of Alleged Action**

1. This is an action involving alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"). *See* Exh. A, a true and correct copy of the Plaintiff's Complaint. Plaintiff Sergei Kovalev is seeking statutory damages and other relief for injuries he purportedly incurred as a result of the defendants allegedly sending him text messages without his consent. *See id.*

**Background**

2. The state-court action underlying this Notice of Removal is the second time Plaintiff initiated an action featuring these claims. Plaintiff first brought these claims on December 20, 2021, when he filed a complaint in the United States District Court for the Eastern District of Pennsylvania. *See* Compl., *Kovalev v. CityLife-PA, P.C. et al.*, No. 2:21-CV-05517-RBS, ECF No. 2.

3. On January 28, 2022, after the district court denied Plaintiff's application to proceed *in forma pauperis*, Plaintiff voluntarily dismissed the 2021 action without prejudice. *See* Notice of Dismissal, *Kovalev v. CityLife-PA, P.C. et al.*, No. 2:21-CV-05517-RBS, ECF No. 6.

4. That same day, Plaintiff commenced the pending state-court action by filing a complaint in the Court of Common Pleas of Philadelphia County. *See* Exh. A, Compl.

5. In his state-court Complaint, Plaintiff alleges the defendants are liable to him for statutory violations of the TCPA because they allegedly used an automated telephone dialing system to send Plaintiff text messages without his consent, s*ee* Exh. A, Compl., ¶¶ 126–147 (Count I), some of which purportedly were sent after Plaintiff registered his phone number on the National Do Not Call Registry, *id.* ¶¶ 148–160 (Count II).

6. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Ampersand in the state-court action is attached as Exhibit B.

**Basis for Removal**

7. This Court has original jurisdiction over this action under 28 U.S.C. § 1331, and this action is removable under 28 U.S.C. §§ 1441 and 1446, because certain

of Plaintiff's claims arise under federal law—namely, the TCPA. *See* Exh. A, Compl., at Counts I and II.

8. This Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims are based on the same purported conduct that forms the basis of Plaintiff's federal claims, and thus are part of the same case or controversy. *See* Exh. A, Compl.

9. The United States District Court for the Eastern District of Pennsylvania is the proper venue for removal of this action because it is the district in which the state court action is pending. *See* 28 U.S.C. § 1446(a).

**Timeliness, Notice & Consent**

10. Ampersand was served with a copy of the state-court complaint via Certified Mail on March 4, 2022. *See* Exhibit B at 72–73 (Affidavit of Service upon Ampersand Health-PA, LLC). Removal therefore is timely under 28 U.S.C. § 1446(b) because Ampersand is filing this Notice of Removal within thirty days of Ampersand's receipt of Plaintiff's Complaint.

11. Pursuant to 28 U.S.C. § 1446(b)(2), all defendants that have been properly joined and served consent to the removal of the action. *See* Exhibit C, a true and correct copy of mPulse Mobile, Inc.'s Consent to Removal.

12. Further, despite not being properly served, defendants CityLife-PA, PC, CityLife Health, LLC, and Timothy Petrikin likewise consent to the removal of this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania. *See* Exhibit D, a true and correct copy of these defendants' Consent to Removal.

13. As required by 28 U.S.C. § 1446(d), Ampersand will promptly notify all other parties in writing that it filed this Notice of Removal, and will file a written notice of this Notice of Removal, with a copy of this Notice of Removal attached as an exhibit, with the Philadelphia County Court of Common Pleas.

14. By filing this Notice of Removal, Ampersand does not waive any defense that may be available to it, including, but not limited to, the right to contest jurisdiction, service of process, or venue in this Court or state court. Nothing herein should be deemed an admission by Ampersand of any allegation in the Complaint.

WHEREFORE, defendant Ampersand Health-PA, LLC respectfully requests that the above-captioned action, now pending in the Court of Common Pleas of Philadelphia County, be removed to the United States District Court for the Eastern District of Pennsylvania.

Date: April 4, 2022

Respectfully submitted,

**Ampersand Health-PA, LLC**
By its attorneys,

*/s/ Albert G. Bixler*
Albert G. Bixler (PA ID No. 45639)
Eli Granek (PA ID No. 317233)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two Liberty Place
50 S. 16th Street, 22nd Floor
Philadelphia, PA  19102
P: (215) 851-8400
abixler@eckertseamans.com
egranek@eckertseamans.com

*Counsel for defendant,*
*Ampersand Health-PA, LLC*